UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| GREGORY JOHN VICTOR, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Cause No. 2:17-CV-302-HAB |
| ANDREW SAUL, Commissioner of the Social Security Administration[1], | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter comes before the Court on Plaintiff Gregory John Victor's ("Victor") appeal of the Social Security Administration's ("SSA") Decision (ECF No. 3 at 45–63) dated January 31, 2017. Victor filed his Brief (ECF No. 13) on January 26, 2018. Defendant Nancy A. Berryhill, Acting Commissioner of the SSA (the "Commissioner") filed her Memorandum in Support of Commissioner's Decision (ECF No. 18) on May 4, 2018. Victor filed his Reply Brief (ECF No. 19) on May 8, 2018. This matter is now ripe for determination.

## PROCEDURAL HISTORY

Victor filed his application for Social Security disability benefits on November 3, 2011. The application was denied on December 8, 2011. Victor then filed his Request for Reconsideration on January 12, 2012, which was denied on February 6, 2012. A Request for Hearing by Administrative Law Judge ("ALJ") was filed on March 30, 2012. The ALJ entered his decision on March 22, 2013, finding that Victor was not disabled.

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* Section 205(g) of the Social Security Act, 42 USC § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

Victor filed a Request for Review of Hearing Decision/Order on May 23, 2013. That Request was denied by the Appeals Council on July 23, 2014. Victor then filed his first Complaint for judicial review on September 9, 2014. On January 14, 2016, this Court entered an Order remanding the case for further proceedings. As a result, the Appeals Council vacated the ALJ's decision on February 2, 2016, and remanded the case to the ALJ for further proceedings.

On January 31, 2017, a different ALJ entered the Decision finding again that Victor was not disabled. A Request for Review of Hearing Order/Decision was filed on February 3, 2017. On May 25, 2017, the Appeals Council declined to accept jurisdiction over the Request. This constituted the Commissioner's final decision. Victor filed his second Complaint with this Court on July 13, 2017.

## LEGAL ANALYSIS

**A.** *Standard of Review*

The decision of the ALJ is the final decision of the Commissioner when the Appeals Council denies a request for review. *Liskowitz v. Astrue*, 559 F.3d 736, 739 (7th Cir. 2009). The Social Security Act establishes that the Commissioner's findings as to any fact are conclusive if supported by substantial evidence. *See Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995). Thus, the Court will affirm the Commissioner's finding of fact and denial of disability benefits if substantial evidence supports them. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2009). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Henderson v. Apfel*, 179 F.3d 507, 512 (7th Cir. 1999).

It is the duty of the ALJ to weigh the evidence, resolve material conflicts, make independent findings of fact, and dispose of the case accordingly. *Richardson*, 402 U.S. at 399–

400. The reviewing court examines the entire record; however, it does not substitute its judgment for that of the Commissioner by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *See Diaz*, 55 F.3d at 305–06. The Court will "conduct a critical review of the evidence," considering both the evidence that supports, as well as the evidence that detracts from, the Commissioner's decision, and "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (internal quotations omitted).

When an ALJ recommends the denial of benefits, the ALJ must first "provide a logical bridge between the evidence and [the ALJ's] conclusions." *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009) (internal quotation marks and citation omitted). Though the ALJ is not required to address every piece of evidence or testimony presented, "as with any well-reasoned decision, the ALJ must rest its denial of benefits on adequate evidence contained in the record and must explain why contrary evidence does not persuade." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008). However, if substantial evidence supports the ALJ's determination, the decision must be affirmed even if "reasonable minds could differ concerning whether [the claimant] is disabled." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

**B.**     *Analysis*

Rather than attack the findings of the ALJ regarding his claimed disability, Victor raises two technical issues on appeal. First, Victor asserts that this matter must be remanded because certain parts of the typed transcript of the August 10, 2016, hearing reflect the fact that the Court reporter could not hear and/or understand the testimony that was offered. In support of this argument, Victor directs the Court to its decision in *Borowski v. Heckler*, 581 F. Supp. 549 (N.D. Ind. 1984), which included an excerpt from a House of Representatives Conference Report stating

that remand may be appropriate where "the tape recording of plaintiff's oral hearing is lost or inaudible." *Id*. at 553.

The Court has reviewed the transcript of the hearing, as well as the cases cited by Victor, and concludes that the identified issues with the transcript do not require remand. Victor identifies twenty-two instances of inaudible testimony over the course of an eighty-eight-page transcript. (ECF No. 13 at 17). This number, in and of itself, does not indicate a transcript that is so deficient as to hinder a fair review. *See, e.g., Ward v. Heckler*, 786 F.2d 844, 848 (8th Cir. 1986) (one to two instances of inaudible testimony per page did not interfere with comprehension of the testimony). Nor does the Court find that the occasional and brief inaudible excerpts materially affect the ability of the Court to discern the scope of the proceedings. *See Borowski*, supra (no transcript required remand); *Bianchi v. Sec. of Health and Human Serv.*, 764 F.2d 44, 46 (1st Cir. 1985) ("virtually unintelligible" transcript required remand). Accordingly, this Court does not believe that remand is necessary to address any issues[2] with the transcript.

Victor's second argument asserts that the ALJ failed to follow this Court's remand order as it related to the testimony of Dr. Satish Dasari. Specifically, in his January 14, 2016, Opinion and Order, Judge Jon E. DeGuilio remanded this matter to the ALJ for a reconsideration of Dr. Dasari's medical opinion. (ECF No. 3 at 657–61). On remand, the ALJ determined that Dr. Dasari "never provided a medical opinion, but instead, her treatment notes were submitted." (*Id*. at 458). Thus, while the ALJ took the medical findings as evidenced in the treatment notes into consideration, he determined that there was "no specific medical opinion to be weighed." (*Id*.). Victor asserts that the ALJ's decision reflects "extraordinary obduracy" to this Court's remand

---

[2] Victor also notes the "interruptions" and "disruptions" in the transcript, and specifically points to ECF No. 3 at 537–540 as an example. The Court has reviewed this portion of the transcript and notes that the identified defects in the transcript arise from his own attorney's interruption of the testifying expert.

4

order, necessitating an order remanding the case with instructions to grant Victor's application. (ECF No. 13 at 20–21).

Once again, the Court has reviewed the record and finds that it does not support Victor's argument. The thrust of Victor's argument is that treatment records and medical opinions are synonymous in the Social Security regulations. This is simply not the case. Rather, both the regulations and the case law draw a distinction between the two, repeatedly noting that medical opinions should be supported by, and be consistent with, "relevant evidence . . ., particularly medical signs and laboratory findings." *See*, *e.g.*, 20 C.F.R. § 404.1527(c)(3), (4); *Ephrain S. v. Berryhill*, 355 F. Supp. 3d 738, 746 (N.D. Ill. 2019) ("[a]n ALJ can reject a doctor's opinion if it is not supported by treatment notes or the record as a whole."). Thus, while Judge DeGuilio was correct that the ALJ needed to consider Dr. Dasari's treatment records as they pertained to the supportability and consistency of medical opinions in the record, those treatment records did not constitute a medical opinion to which weight needed to be assigned.

Nor does the Court believe that the ALJ's decision "plainly disregards the law of the case," as Victor urges. (ECF No. 13 at 20). As Victor noted, the law of the case doctrine requires "the trial court to conform any further proceeding on remand to the principles set forth in the appellate opinion unless there is a compelling reason to depart." *Wilder v. Apfel*, 153 F.3d 799, 803 (7th Cir. 1998). In his remand order, Judge DeGuilio noted that the ALJ failed to discuss the findings of Dr. Dasari and failed to treat Dr. Dasari as a treating physician. In light of these failures, Judge DeGuilio remanded the case "for the ALJ to consider Dr. Dasari's opinion anew." (ECF No. 3 at 661). The Court finds that the ALJ addressed the issues in Judge DeGuilio's order. The ALJ discussed Dr. Dasari's treatment notes in detail (*Id*. at 457–58) and specifically stated that he was taking Dr. Dasari's medical findings "into account" in determining Victor's RFC (*Id*. at 458).

Therefore, the ALJ did not disregard the principles of Judge DeGuilio's order, but instead followed his directions by considering Dr. Dasari's medical findings as part of the record as a whole.

In summary, the Court finds that Victor's technical objections to the ALJ's Decision are inadequate. Since Victor does not challenge the Decision on its merits, the Court need not consider any other potential errors in the Decision. *Cauley v. Berryhill*, 312 F. Supp. 3d 746, 749 (N.D. Ind. 2018) ("It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff."). Therefore, the Decision will be affirmed.

## CONCLUSION

For the foregoing reasons, the Social Security Administration's Decision (ECF No. 3 at 45–63) dated January 31, 2017, is AFFIRMED.

SO ORDERED on July 8, 2019.

      s/ Holly A. Brady
      JUDGE HOLLY A. BRADY
      UNITED STATES DISTRICT COURT